Argued and submitted January 27, order affirmed as modified November 12, 1986

In the Matter of the Compensation of
Erwin L. Bacon, Claimant.

WESTERN PACIFIC CONSTRUCTION CO. et al,
*Petitioners - Cross-Respondents,*

*v.*

BACON,
*Respondent - Cross-Petitioner,*
RIEDEL INTERNATIONAL,
*Respondent - Cross-Respondent.*

(WCB 83-11667, 83-08519; CA A35263)

728 P2d 38

Patric J. Doherty, Portland, argued the cause for petitioners - cross-respondents. With him on the briefs were E. Kimbark MacColl, Jr. and Rankin, McMurry, VavRosky & Doherty, Portland.

Jill Backes, Portland, argued the cause for respondent - cross-petitioner. With her on the brief were Charles D. Colett and Galton, Popick & Scott, Portland.

LaVonne Reimer, Portland, argued the cause for respondent - cross-respondent. With her on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Providence Washington Insurance Co., insurer for Western Pacific Construction Company, later acquired by Riedel, seeks review of a Workers' Compensation Board order which held that it, and not Riedel, a self-insured employer, is responsible for claimant's knee condition. The referee had held that the condition was compensable and that Riedel was responsible. Claimant cross-petitions, seeking review of that portion of the Board's order reversing the referee's award of attorney fees.

Claimant suffered a compensable worsening of an arthritic knee condition in 1978, at which time he was working for Western, which was insured by Providence. Later, while working for Riedel, claimant's condition worsened to the point that he needed a total knee replacement. We have reviewed the record *de novo* and conclude that the Board correctly held that Providence's insured was responsible for claimant's present condition and the knee replacement.

Claimant seeks reinstatement of the referee's award of attorney fees. On Board review, the only issues were responsibility and attorney fees. Apparently believing that responsibility had been the only issue from the beginning, the Board held that claimant was not entitled to attorney fees, because he had not "actively and meaningfully participated" in the proceedings. However, Riedel and Western had denied responsibility and compensability, and neither had paid temporary total disability or had sought the designation of a paying agent. ORS 656.307. Although claimant has always contended that the only question should be responsibility, he was forced to, and did, prove the compensability of his claim. The claim was not an uncomplicated one. If he had not actively participated before the referee, the denials might have been upheld on the theory that his compensable condition had not worsened, as contended by Riedel, or on the theory that his present condition is the result of the natural progression of his non-compensable degenerative arthritis, as contended by Western, rather than an aggravation of his compensable 1978 injury or a new injury. He was more than a nominal party in the dispute and is entitled to attorney fees under ORS 656.386(1).

The referee, having assigned responsibility for the

claim to Riedel, ordered that claimant's attorney fees be paid by Riedel. Because we affirm the Board's decision that Providence is the responsible carrier, we hold that claimant's attorney fees in the amount awarded by the referee are also payable by Providence.

Affirmed on petition; on cross-petition, referee's award of attorney fees reinstated but modified to require payment by Providence Washington Insurance Company; order affirmed as modified.